## LAURENT C. BILODEAU *vs.* WILLIAM M. DOLAN JR. *et al.*

### MAY 3, 1957.

PRESENT: Flynn, C. J., Condon, Roberts, Andrews and Paolino, JJ.

PAOLINO, J. This is a petition for a writ of mandamus directed to the respondents as the duly appointed members of the board of canvassers of the town of North Smithfield. They will hereinafter be referred to as the board.

The petition alleges that the petitioner is a resident, a duly qualified voter, and also a Democratic candidate for the elective office of moderator in said town. It further alleges that pursuant to general laws 1938, chapter 312, §32, as amended by public laws 1940, chap. 819, and P. L. 1944, chap. 1474, the chairman of the Democratic town committee on October 15, 1956 filed with such board a list of not less than ten qualified persons from which they were to select Democratic election officials; that contrary to chap. 312, §32, as amended, and to the duties of the board as therein specified, they failed to select Democratic voting officials from the list submitted by the chairman of the Democratic town committee; and that in fact they did select one warden and one clerk whose names were not submitted by said chairman.

Reference is made in the petition to a decision of the

state board of elections which held that chap. 312 does not apply to the appointment of moderators and clerks in towns and that under the provisions of G. L. 1938, chap. 331, §3, the board has the power to appoint such election officials without regard to party affiliation.

On the basis of these allegations we issued a writ of mandamus ordering said board to select all Democratic voting officials from the list submitted to them, as aforesaid, or in the alternative to show cause why they should not do so. At the time of the hearing the board filed a motion that the writ be quashed and that the petition herein be dismissed. The grounds of such motion are that it has been brought by petitioner merely as a resident and qualified voter of the town of North Smithfield and as a candidate for the office of moderator to enforce a purely public right, and not by the attorney general on the relation of petitioner.

The board filed a brief in support of their motion to quash in which they rely upon the authority of *O'Brien* v. *Board of Aldermen,* 18 R. I. 113, and *Dupre* v. *Doris,* 68 R. I. 67. They contend that in this state all questions of practice and procedure in madamus cases are to be decided by the principles and rules of common-law mandamus. They quote the following language of this court in *Nolan* v. *McCoy,* 77 R. I. 96, at p. 98: "In this state the customary practice in ordinary common-law mandamus is the only correct practice." The board therefore contend that mandamus to enforce a purely public right or duty must be sought in the name of the state by the attorney general and that without his consent no such petition by a private individual may be entertained.

The petitioner, in arguing against the motion to quash, contends that the instant petition is a statutory mandamus and that under the provisions of G. L. 1938, chap. 326, §1, he, as a citizen of the town of North Smithfield, has the

right to prefer such petition in his own name. That section provides in part as follows:

> "Whenever any person upon whom is imposed any duty connected with the calling, warning or conducting of any town, ward or district meeting, or with the canvassing of the lists of voters for use at such meetings, or with the counting of the votes cast at the same, or the declaring of the result of such votes, shall fail, neglect or refuse to perform such duty within the time specified by law for the performance of the same, the supreme court shall forthwith upon the petition of *any citizen* of the city or town where such failure, neglect or refusal occurred, issue its writ of mandamus ordering the person so failing, neglecting or refusing, to perform the duties in question within 24 hours from the time of the issuance of said writ * * *." (italics ours)

We are of the opinion that it was clearly the intent of the legislature, as is evident by its express and unambiguous provisions in chap. 326, to vest a citizen with the right to prefer a petition for mandamus in his name alone in a case such as the instant one. The facts before us are different from those which were before the court in *O'Brien* v. *Board of Aldermen, supra.* No statutory mandamus was involved in that case. Hence the court was correct in deciding it under the rules applicable to common-law mandamus. It is true that in *Dupre* v. *Doris, supra,* this court reaffirmed the doctrine laid down in the *O'Brien* case, *supra.* However, the facts in the *Dupre* case are different in several important respects from those in the case at bar.

The instant case involves a regular election which has been duly called, whereas the *Dupre* case involved a request to call a special election to fill a vacancy. In that case, which was brought in the supreme court, we held that the mere refusal of the attorney general to bring mandamus proceedings in his official capacity did not, by implication, vest a right in the petitioner therein to file and prosecute the petition in his own name. In the *Dupre* case the petition was brought for a common-law mandamus, as had

been done in the *O'Brien* case, and not by virtue of a statute as here. In our opinion the allegations in the instant petition bring this case within the purview of the provisions of chap. 326, and the issue raised by the motion to quash is governed by the prior decisions of this court in *Hall* v. *Town Council*, 48 R. I. 8, and *Arnold* v. *Town Council*, 49 R. I. 458. This being so, the motion to quash is denied.

The allegations in the petition present for our determination the question of the board's appointment of moderators and clerks of the two voting districts in said town. The appointment of the supervisors is not in issue, since the parties agree that they were properly appointed pursuant to the provisions of G. L. 1938, chap. 312, §32, as amended.

The petitioner contends that the board violated the provisions of chap. 312, §32, in that they did not appoint such moderators and clerks from the list of names filed with them by the chairman of the Democratic town committee. In other words he contends that, by §32, as amended by P. L. 1944, chap. 1474, the appointment of such moderators and clerks is limited to names contained in lists filed by party committees. The pertinent provisions of that section read:

"At least 20 days before any election, the boards of canvassers and registration in all *cities* shall appoint for each polling place within their respective *cities* wherein an election is to be held a warden and clerk, one of whom shall be a republican and the other of whom shall be a democrat, and during said period said boards and the respective town councils shall appoint a sufficient number of supervisors who shall be republicans and democrats in equal numbers * * *. Said election officials shall be selected from a list of not less than 10 qualified persons presented to said boards of canvassers and registration and town councils, respectively, by the city or town committee of the republican and democratic parties, respectively, the republican election officials to be selected from the republican list,

and the democratic election officials from the democratic list * * *." (italics ours)

A careful reading of said §32 has convinced us that this section does not apply to *towns* insofar as the appointment of wardens or clerks is concerned. In our judgment by its express terms the first portion of that section, which deals with the appointment of wardens and clerks, applies only to the appointment of such officials in *cities*.

In our opinion the issue presented here is governed by the provisions of G. L. 1938, chap. 331, as amended by P. L. 1955, chap. 3577, sec. 4. That section reads as follows:

> "Except in the towns of Barrington and Middletown, moderators and clerks of voting-districts in towns not divided into representative-districts shall be *elected* by and from the qualified electors of their respective voting-districts, on the day of the election of town officers in the several towns." (italics ours)

The town of North Smithfield is not divided into representative districts but is divided into two voting districts. Section 3, paragraph 2, of said chapter provides:

> "Whenever voting district moderators and clerks, and moderators and clerks of representative-districts have not been elected in any city or town, the board of canvassers of said city or town shall appoint such officers, at least 10 days before any election, or district or town meeting, and such officers shall hold office until the appointment or election of their successors."

In the instant case it is admitted that no such election has taken place, but we are not informed as to the reason for such failure. Section 4 plainly provides therefor. It is also admitted that the board have in fact appointed the moderators and clerks in the two voting districts; that none of such officials were selected from the list submitted by the chairman of the Democratic town committee; and that they were evenly divided between the Democratic and Republican parties.

If a town for any reason fails to elect its voting district

moderators and clerks according to sec. 4 and it becomes necessary to appoint them under sec. 3, par. 2, it seems to us that it would be more in accord with the general policy of the election law to provide that such appointments should be made on an equal basis from nominees of each political party as is provided in cities and towns having more than one representative, but the legislature has not seen fit to so provide.

It is clear from a reading of the above-mentioned sections of chap. 331 that they contain no limitation or restriction as to mandatory selection from any list of names to be submitted by party committees. On the other hand in par. 3 of sec. 3, which relates to the appointment of moderators and clerks in the cities and in the towns of Barrington and Middletown, the legislature by express words imposed the restriction that the moderators and clerks so appointed shall be of different political parties. This discriminate choice of words by the legislature indicates clearly a legislative intent which this court cannot alter. Why such a difference should exist between cities and towns with more than one representative on the one hand and towns with only one representative on the other hand is of no concern to this court.

The legislature is vested by the constitution with the sole power over the manner and conduct of elections. If equality of election officials between the major political parties is required in some parts of the state and not in others the reason for such distinction and lack of uniformity must be sought in the general assembly. That body determines the policy of the law and unless it violates the constitution we cannot set it aside. We must accept it as it is written, except that if it needs construction we may construe it to give effect to the legislative intent but we may not transform it to coincide with any view we may entertain as to its wisdom. fairness, or desirability.

For the above reasons the petition is denied and dismissed, and the writ heretofore issued is quashed.

*Laurent C. Bilodeau, pro se,* for petitioner.

*James T. Greene,* for respondents.